45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Steven Robert JAFFE, Defendant-Appellant.
 No. 94-5417.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 6, 1994.
Decided Dec. 29, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. William B. Traxler, Jr., District Judge.
 John H. Hare, Asst. Federal Public Defender, Columbia, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., William E. Day, II, Asst. U.S. Atty., Florence, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Steven Robert Jaffe appeals his conviction and sentence for bank robbery, in violation of 18 U.S.C.A. Sec. 2113(a) (West Supp.1994). Jaffe's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that Fed.R.Crim.P. 11 was not complied with, and that the district court did not understand its authority to depart downward from the guidelines, but concluding that there were no meritorious grounds for appeal. Jaffe was notified of his right to file an additional brief. In response, he filed a letter, in which he claimed that a friend would be filing his supplemental brief for him within a week from the date of the letter. That time has long since passed, and Jaffe has neither filed a brief on his behalf, nor requested an additional extension of time to do so. Accordingly, the case is ripe for disposition.
 
 
 2
 In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal. The district court complied with all of the requirements of Fed.R.Crim.P. 11, fully informing Jaffe of his rights and the consequences of a guilty plea; further, Jaffe was competent to enter the plea. We find that Jaffe has shown no clear and convincing evidence to support reconsideration of his plea. See Little v. Allsbrook, 731 F.2d 238, 239-40 n. 2 (4th Cir.1984). We further find that Jaffe's claim that the district court erred in refusing to grant his motion for a downward departure is without merit. The court expressly stated that no sentence reduction would be granted because Jaffe's crime was not a single, aberrant act, and reduction was not otherwise warranted. It is clear from the transcript that the court knew of its authority to depart and made a reasoned decision not to do so. See 18 U.S.C.A. Sec. 3742 (1988 & Supp.1994); United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 3
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that copies thereof were served both on the client and on counsel for the government. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED